UNITED STATES v. MASON et al.

(Second Division. Nome. April 6, 1916.)

No. 1034–C.

WITNESSES ☞308 — CRIMINAL LAW — INCRIMINATING EVIDENCE — GRAND JURY.

Witnesses called before a grand jury, and shown to have been present in a room when alleged acts of gambling at cards took place there, refused to answer questions relating thereto upon the ground that their answers would tend to convict them of crime. The grand jury reported the facts to the judge, who cited the witnesses, and after a hearing ordered each of them to answer the stated questions. On being recalled before the grand jury, each refused to answer as before. They were then cited for contempt of court. *Held*, the true rule in such cases is that stated in Ex parte Irvine (C. C.) 74 Fed. 954. The true rule is that it is for the judge before whom the question arises to decide whether an answer to the question put may reasonably have a tendency to criminate the witness, or to furnish proof of a link in the chain necessary to convict him of a crime.

F. M. Saxton, U. S. Dist. Atty., of Nome, for the United States.

G. B. Grigsby, of Juneau, and H. O'Neill, of Nome, for defendants.

TUCKER, District Judge. This case comes before this court upon an affidavit for contempt made by Frank P. Wil-

liams, foreman of the grand jury duly impaneled and sworn for the regular term of this court beginning January 29, 1916, which, in investigating a charge of gambling against certain persons, called as witnesses the above-named defendants, who, being duly sworn, testified that they were sitting at a table at the time and place at which the parties then being investigated were arrested upon said charge of gambling; but the witness Mason, being asked the following questions, viz.: "Was there a game of cards being played on this particular evening? Was there a game of cards being played at another table at this time?"—refused to answer the same; and the witness Hanson, being asked the following questions, viz.: "If at this time, or just prior to this time, that yourself and others were arrested in the Arctic Billiard Parlors, if you saw any one there playing 'stud poker' or 'pangingi'? If at this same time you saw any one playing a game of cards at the table at which you were sitting?"—refused to answer the same, whereupon the grand jury presented to the judge of this court a report setting forth the foregoing facts, and this court, the above-named defendants being present in person and by their attorney, ordered and directed each of said defendants to answer the aforesaid questions to them respectively propounded; but the defendant Mason, being then recalled before the grand jury, persisted in refusing to answer the first of said questions, and the defendant Hanson, being recalled before the grand jury, persisted in refusing to answer either of said questions, all of which is set forth in said affidavit for contempt, to which said defendants have interposed a demurrer.

Counsel for defendants have argued this case elaborately and ably, and they have cited the two great leading cases on the question before this court in support of their contention that the questions propounded by the grand jury to the defendants are incriminatory. The facts in those cases were not like those involved here, and we have to apply the law to these particular questions or the facts here. I cannot agree with counsel's view or interpretation of Chief Justice Marshall's language in the Burr Case, nor with his view of the language of the court in the Counselman Case.

In Ex parte Irvine (C. C.) 74 Fed. 954, Judge Taft reviewed the language of Marshall, C. J., in the Burr Case, and

the decision of the Supreme Court in the Counselman Case, and the following is his statement of the rule of law in these cases, and it seems to me it states the rule correctly, viz.:

"The second question is whether the statement of the witness that his answer to the question would criminate him was conclusive, so that the court could not compel an answer thereto. The great weight of authority, as well as a due regard for the right of the community to have the wheels of justice unclogged, as far as may be consistent with the liberty of the individual, leads us to reject the doctrine that a witness may avoid answering any question by the mere statement that the answer would criminate him, however unreasonable such statement may be. The true rule is that it is for the judge before whom the question arises to decide whether an answer to the question put may reasonably have a tendency to criminate the witness, or to furnish proof of a link in the chain of evidence necessary to convict him of a crime. It is impossible to conceive of a question which might not elicit a fact useful as a link in proving some supposable crime against a witness. The mere statement of his name or of his place of residence might identify him as a felon; but it is not enough that the answer to the question may furnish evidence out of the witness' mouth of a fact which, upon some imaginary hypothesis, would be the one link wanting in the chain of proof against him of a crime. It must appear to the court, from the character of the question, and the other facts adduced in the case, that there is some tangible and substantial probability that the answer of the witness may help to convict him of a crime." 74 Fed. 960.

The foregoing is only in reply to the argument of counsel for defendants as to what is an incriminatory question, and who is to determine its character. But I overrule the demurrer on the ground that the matter as to whether or not the questions put to these witnesses or defendants are incriminatory cannot now be raised in this way. The validity of my order for the defendants to answer these questions can only be attacked by appeal, or probably by habeas corpus proceedings, should the defendants be committed.